HILL *v.* COLE *et al.*

84  245
96  750

The claim of a creditor holding the title to land as security for money advanced to and used by the debtor to pay the balance of the purchase price thereof, ought to prevail over that of a subsequent general judgment creditor, on a rule for distribution of money arising from levy and sale of the land under code, ?3586. If usury were charged the debtor by the creditor holding the title as security, yet the judgment creditor, by claiming the fund as a party to the rule, recognized the validity of the proceedings and the title to be in the other party who had advanced the money to take up notes for the balance of the purchase price of the land, some of which notes were taken up from the judgment creditor.

January 13, 1890.

Rule. Debtor and creditor. Interest and usury. Estoppel. Before Judge MILNER. Murray superior court. August term, 1889.

Reported in the decision.

W. K. MOORE and T. STARR, for plaintiff in error.

R. J. & J. MCCAMY and W. C. MARTIN, *contra.*

SIMMONS, Justice.

C. W. Cole purchased land from Amos Bishop for $1,800, paying about $800, and giving notes for the balance; and Bishop traded to G. W. Hill three of these notes of $200 each. On September 1, 1885, Mrs. N. C. Cole, wife of John L. Cole, who was her agent and acted for her in the transaction, loaned C. W. Cole $1,000, taking two notes for 500 each, due November 1, 1886, and November 1, 1887, with interest at the rate of eight per cent. per annum, and a deed from Bishop conveying the land to her, made at the request of the said C. W. Cole, who took up the purchase money notes held by Bishop and Hill with this $1,000, Bishop getting about

$330 and Hill $595, the latter discounting one of his notes at twelve per cent. On the notes given to Mrs. Cole the interest to January 1, 1888, has been paid, but nothing else. She made to C. W. Cole a bond for title. On April 28, 1888, Ross & Co. obtained a judgment against C. W. Cole for about $90. On April 2, 1889, the execution issued thereupon was levied on the land in question, under code, §3586. Written notices of this levy were given to Mrs. Cole and to Elrod, a tenant of C. W. Cole, and one sent by mail to C. W. Cole, who lived in Indian Territory, the first two being delivered by the sheriff, and the last sent by his direction. Under this execution he sold the land, on the first Tuesday in May, 1889, for $1,175, and after paying for advertising, commissions, etc., had left in his hands the sum of $1,147.40. Previously, on February 18, 1889, G. W. Hill had obtained judgment against C. W. Cole for $556, besides interest and costs. On August 20, 1889, Ross & Co. brought a rule against the sheriff, and Mrs. Cole and Hill were made parties. The payment first of the execution of Ross & Co. was not contested. Issue was made in the testimony as to whether there was usury in Mrs. Cole's claim. She and her husband and C. W. Cole testified that, in the loan of her money, only eight per cent. interest was charged, agreed to be paid then or afterwards, or paid; and that the papers express the full contract, and there was no outside understanding in any way. Other witnesses testified that there was usury charged and received by Mrs. Cole. The jury, under the charge of the court, returned a verdict in favor of Mrs. Cole. Hill filed his bill of exceptions to a certain part of the charge of the court, and to certain rulings made during the progress of the trial.

The view we take of this case renders it unnecessary for us to discuss any of the exceptions made by the plaintiff in error. All the creditors of Cole recognized

in this proceeding the title to be in Mrs. Cole. Ross & Co. recognized the title to be in her because they proceeded under §3586 of the code against the interest of C. W. Cole in the land, giving Mrs. N. C. Cole notice thereof. When the land was levied upon and sold, and the sheriff had in his hands the proceeds of the sale, Ross & Co. brought this rule against him, and Mrs. Cole and Hill were made parties thereto, Hill claiming that the money should be paid to him in preference to Mrs. Cole, thereby recognizing the validity of the proceedings, and the title to be in Mrs. Cole. We think, therefore, that it does not matter whether Mrs. Cole charged C. W. Cole usury or not when she loaned him the money to take up his purchase money notes which he had given to Bishop, and some of which were held by Hill, the plaintiff in error, and were taken up with her money, although the jury found that she did not charge or receive any usury. Mrs. Cole having advanced the money to C. W. Cole, and C. W. Cole having used it in taking up the notes which he had given to Bishop for the purchase money of the land, and these creditors having recognized the title to be in Mrs. Cole, we think the court was right in deciding that she was entitled to be paid the money which she had advanced to C. W. Cole to pay off the purchase money notes in preference to general creditors. *Bugg* v. *Russell*, 75 *Ga.* 837.

*Judgment affirmed.*