DRAKE *et al. v.* ESTES, administratrix, *et al.*

SIMMONS, C. J.—This case is controlled by the decision of this court in the case of *Hill* v. *Cole et al.*, 84 *Ga.* 245; and this being so, the construction of the registry act of 1889 is not involved.

March 25, 1895. Brought forward from the last term. *Judgment affirmed.*

Money rule. Before Judge GOBER. Forsyth superior court. March 7, 1894.

A rule was brought against the sheriff for the distribution of $75.40 arising from the sale of land as the property of Mary M. Bennett, the claimants of the fund being Estes on the one hand, and Drake and Howell on the other. The case was submitted to the judge upon the following agreement as to facts Mrs. Bennett bought land for $500, and held it under bond for title from William Garrett. On January 25, 1890, $105 of the purchase money was due, and by agreement Estes advanced $200 to Mrs. Bennett, paying her $95 and paying $105 to Garrett, taking from Garrett a deed to the land, and she surrendering the bond for title she held and taking one from Estes, and giving him her notes for $232 due twelve months after date. The deed from Garrett to Estes was properly recorded. Estes brought suit upon his notes, and obtained judgment against Mrs. Ben-

nett on January 6, 1891.   On February 2, 1892, he executed a deed to Mrs. Bennett in conformity to the bond for title, had it filed and recorded in the clerk's office, and thereupon caused his executions to be levied on the land, which was sold by the sheriff, and brought $303. After deducting expenses, etc., the sum of $287.60 was left, of which the sum of $75.40 was held up by the sheriff under notice from Drake and Howell, who claimed the same on their executions against Mrs. Bennett; that of Drake being for $46.30, besides interest, attorney's fees and costs, less credits of $25, founded on a judgment of December 6, 1890; and that of Howell being for $34.44, besides interest and costs, founded on a judgment of September 5, 1891.   Estes claimed the fund under three executions: two for $100 each, the third for $32, besides interest and costs on all three.   They were founded on judgments rendered on June 6, 1891.   All five executions were issued from a justice's court.   Those of Estes were entered on the general execution docket of the superior court on August 25, 1892.   Those of Howell and Drake were so entered on May 3, 1892.   The land was sold on April 5, 1892, under the executions of Estes.   No usury was apparent upon the face of the notes payable to Estes.   Service was acknowledged of the suits on those notes; no plea was filed; and the judgments recited that they were for the purchase price of the land.   Mrs. Bennett is insolvent.

The judge ordered, that Estes be first paid, counting interest at seven per cent. on the $200 advanced by him, and purging his debt of usury, and that the balance, if any, be applied to *fi. fas.* according to priority.   He held that Drake and Howell could not attack the deed from Garrett to Estes and from Estes to Mrs. Bennett, because they claimed thereunder when they asked for this money; that the lien of Estes dated from the time of the record of the deed to him, which was prior to

the date of the judgments of Drake and Howell; and that the non-record of the executions [in time] did not affect the case. Drake and Howell excepted.

J. P. BROOKE, for plaintiffs in error.
H. L. PATTERSON, *contra*.